**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 23 CR 27 |
| v. | Judge Mary M. Rowland |
| JESUS ORGANES | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jesus Organes ("Organes") seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), due to family circumstances: his wife is facing potential deportation and will be unable to serve as caregiver of their minor son, who has autism. [70]. The Government filed a response in opposition to Organes's *pro se* motion. [79]. For the following reasons, Mr. Organes's motion for compassionate release [70] is denied.

## I. Background Facts

On January 18, 2023, Mr. Organes was indicted for various crimes involving controlled substances crimes. [1]. The indictment held one count (Count I) alleging that Mr. Organes and his wife, Amairani Galeana, between about March 22, 2021 and June 17, 2021, conspired with each other to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II Controlled Substance; 100 grams or more of a mixture and substance containing a detectable amount of p-fluorofentanyl, a Schedule I controlled substance and an analogue of fentanyl, a Schedule II controlled substance; and a quantity of a mixture

1

and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846. *Id.* The indictment also held five counts (Counts 2–6) alleging that, in the same time period, Organes distributed or possessed with intent to distribute the controlled substances in violation of 21 U.S.C. § 841(a)(1). *Id.*

Organes was arrested on January 20, 2023. [26]. And on December 16, 2024, Organes pleaded guilty to the conspiracy charge, Count I. [47]; [66]. The rest of the charges were dismissed. [66]. On May 2, 2025, this Court sentenced Organes to 36 months' imprisonment – below the recommended range of 70 to 87 months. [58]; [66]. Organes began serving his sentence on May 20, 2025. [66] at 2. Mr. Organes filed this Motion for Compassionate Release on September 4, 2025, requesting a sentence reduction under 18 U.S.C. § 3582. [70]. The Government filed a brief opposing the motion on December 10, 2025. [79]. Organes did not file a reply in support of his motion.

Organes's wife's case was ongoing during this time. Ms. Galeana was sentenced to 24 months' imprisonment on January 28, 2025. [89]; [90]. She began her sentence on February 3, 2026. [90]. Furthermore, Ms. Galeana is a green-card holder, and her conviction and incarceration may lead to her deportation. [80] at 8.

## II.  LEGAL STANDARD

Pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), a court may reduce an inmate's term of imprisonment after he has exhausted all "administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

2

behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a court may reduce the defendant's term of imprisonment if the court first finds that "extraordinary and compelling" reasons warrant a sentence reduction, and second, that the reduction is consistent with the factors in 18 U.S.C. § 3553(a); 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020) (affirming district court's discretion to award compassionate release to prisoner who is "outside the scope of 18 U.S.C. § 3582(c)(1)(A)(ii)" based on "'extraordinary and compelling reasons'"). The defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

"A movant cannot rightly claim he is legally entitled to compassionate release because the background sentencing law has changed, but he may argue that he nonetheless deserves a sentence reduction based on that change and other relevant factors." *In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024); *cf. United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) ("At step one the [defendant] must identify an "extraordinary and compelling" reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to [a statute]."). If the movant has shown extraordinary and compelling reasons for a sentence reduction, then the court considers the sentencing factors set out in 18 U.S.C. § 3553(a) to determine what reduction to award. *Id.* at 576; *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir.

2022); *United States v. Sarno*, 37 F.4th 1249, 1253 (7th Cir. 2022).

### III. Analysis

#### a. Exhaustion

There is no dispute that Organes has exhausted his administrative remedies as required by § 3582(c)(1)(A). [79] at 7–8. Mr. Organes filed a request for compassionate release with the warden of FCI Terre Haute on or about July 22, 2025, and the warden denied the request around October 30, 2025. *Id.* The Government does not challenge the exhaustion requirement. *Id.*

#### b. Extraordinary and Compelling Reasons

In determining what constitutes extraordinary and compelling reasons to modify a person's sentence, courts consider the guidance contained in the U.S. Sentencing Guidelines Manual at U.S.S.G. § 1B1.13. On April 27, 2023, the U.S. Sentencing Commission submitted proposed amendments to § 1B1.13 to update its policy statement to cover prisoner-initiated motions for compassionate release and those amendments went into effect on November 1, 2023. The amended Guidelines define extraordinary and compelling reasons as existing under the following circumstances or a combination thereof: medical circumstances, age, family circumstances, victim of abuse, other reasons of similar gravity, and unusually long sentences. U.S.S.G. § 1B1.13(b)(1)-(6).

Organes argues that he is entitled to a sentence reduction because of family circumstances; his wife is facing deportation, and his children, including his severely autistic son, will be left without a caregiver. *See* [70] at 1. Organes additionally argues

4

he is deeply rehabilitated. *Id.* The Government contends that Mr. Organes has not established that his wife is incapacitated as required by § 1B1.13. [79] at 10. The Court finds that Organes has not presented extraordinary or compelling reasons for a sentence reduction.

### i. Family Circumstances

Some family circumstances, such as the "the death or incapacitation of the caregiver of the defendant's minor child," rise to the level of extraordinary and compelling reasons for compassionate release. U.S.S.G. § 1B1.13(b)(3)(A). Mr. Organes argues that Ms. Galeana is incapacitated by her incarceration or impending deportation, and that there is no alternate caregiver for their minor son. [70] at 8. He contends that this presents an extraordinary and compelling reason that his sentence should be reduced because the reduction will allow him to serve as the primary caregiver of his minor daughter, Mayte, and son, Jesus, who has severe autism. [70] at 2.

Mr. Organes has not shown exceptional family circumstances. Ms. Galeana arguably is incapacitated due to her incarceration and future deportation. *Compare United States v. Reedy*, 2024 WL 5247954, at *11 (N.D. Ill. Dec. 30, 2024) (defining "incapacitated" based on the term's plain meaning and statutory context as when "person is incapable of caring for themselves") *with United States v. Ray*, 2023 WL 3411024, at *2 (N.D. Ind. May 12, 2023) (explaining that incarceration can qualify as legal incapacitation and may constitute extraordinary and compelling circumstances). But Mr. Organes' children are expected to be in the care of their

5

maternal grandmother in Mexico during Mr. Organes's and Ms. Galeana's incarceration. [82] at 3. Mr. Organes has not shown placing the children in the care of their grandmother constitutes an extraordinary or compelling reason for his release. *See United States v. Franco*, 2024 WL 3363576, at *2 (N.D. Tex. July 9, 2024) (holding deportation of minor child's parent was not an extraordinary circumstance when the movant did not show that the minor's other caregiver was incapacitated); *see also United States v. Willis*, 2024 WL 4452134, at *2 (D. Minn. Oct. 9, 2024) (holding that placement of a defendant's children in foster care does not constitute incapacitation).

The Court has sympathy for Mr. Organes's family's difficult situation.[1] A detrimental impact on family stability regrettably is a consequence of incarceration. *United States v. Quintana*, 2021 WL 4521150, at *5 (S.D. Ind. Oct. 1, 2021) ("Many prisoners would like to be in their children's lives but that is an unfortunate consequence of their crimes."). It is unfortunate that a child with disabilities will have to leave his home country without his parents, and that he may not have access to the same level of care that he has in the United States. However, considering that Ms. Galeana's incarceration and deportation do not clearly qualify as incapacitation, and even if they did, Ms. Galeana's mother will serve as caregiver for Mr. Organes's

---

[1] Mr. Organes cites several cases to support the idea that district courts within the Seventh Circuit grant motions for compassionate release based on a general concept of family stability. [70] at 2 and 7. However, many of the cases cited in Mr. Organes's brief do not exist or are misquoted, as discussed in the Government's response. [79] at 9 and 10. The use of these misquoted and nonexistent cases are a hallmark of artificial intelligence ("AI") "hallucinations." The Seventh Circuit has acknowledged the growing use of artificial intelligence, especially by *pro se* litigants, and reiterated the importance of accuracy and honesty even when unrepresented parties use AI. *See Jones v. Kankakee County Sheriff's Department*, No. 25-1251, 2026 WL 157661 (7th Cir. Jan. 21, 2026). Nevertheless, the Court focuses on the factual and legal merits of the motion in issuing this decision.

6

son, these circumstances are not extraordinary and compelling reasons for a compassionate release.

### ii. Rehabilitation

Mr. Organes also argues that his rehabilitation, as evidenced by his clean disciplinary record, his participation in programs such as Parenting from Prison, and his work in prison, should be considered along with his family circumstances to show extraordinary and compelling reasons for sentence reduction. [70] at 4. He argues that "post-sentencing rehabilitation may be 'highly relevant to several of the § 3553(a) factors.'" *Id.* (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)).

Although his efforts are commendable, Mr. Organes's rehabilitation alone is not a valid consideration in finding extraordinary and compelling circumstances. § 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement"); *see United States v. Peoples*, 41 F.4th at 837, 842 (7th Cir. 2022). The Seventh Circuit confirmed that rehabilitation is "more suitably addressed as part of the § 3553(a) analysis." *United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022). This analysis is only conducted in the second step after a finding of extraordinary and compelling circumstances in the first step. *Peoples*, 41 F.4th at 840.

As a result, the Court concludes that Mr. Organes' rehabilitative efforts, even considered alongside his family circumstances, do not currently warrant a sentence reduction.

7

### c. Factors Set Forth in 18 U.S.C. § 3553(a)

Mr. Organes argues that there is no longer a need for his incarceration and that he has shown rehabilitation, which are factors to be considered in a sentence reduction. *See* [70]; 18 U.S.C. § 3553(a)(1-2). However, because Mr. Organes does not assert extraordinary and compelling reasons for a sentence reduction, the Court does not reach the issue of considering the sentencing factors under § 3553(a).

## IV. Conclusion

After thoroughly considering all the facts presented, the Court does not believe that Mr. Organes presents extraordinary and compelling reasons for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, Mr. Organes's request for compassionate release [70] is denied.

E N T E R:

Dated: June 29, 2026

MARY M. ROWLAND
United States District Judge

8